# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lisa Dillon, Petitioner**

**vs) No. 11-1647** (Kanawha County 11-AA-79)

**WV Restaurant Management, LLC,**
**d/b/a Paula's Casino, Respondent**

**FILED**

January 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Lisa Dillon appeals the Circuit Court of Kanawha County's "Final Order" entered on October 26, 2011, affirming the final order of the Board of Review of WorkForce West Virginia ruling that she was disqualified for cause from receiving unemployment compensation benefits. Petitioner is represented by attorney Lisa Furbee Ford. Respondent, WV Restaurant Management, LLC d/b/a Paula's Casino, is represented by David J. Mincer.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

Petitioner raises a single assignment of error arguing that the circuit court erred in finding that petitioner was unable to prove that she had properly served a subpoena duces tecum upon respondent. Upon a review of the briefs and record on appeal, we find no error. Petitioner attempted to serve this subpoena duces tecum upon respondent on Friday, April 1, 2011, by facsimile, by depositing it into the United States Mail, and by sending it via Federal Express Delivery. The subpoena had a return date of Wednesday, April 6, 2011. However, the procedural rules of WorkForce West Virginia require that administrative subpoenas "shall be served at least (5) days before the return date thereof, either by personal service made by any person over eighteen years of age or by registered or certified mail." W.Va. C.S.R. § 96-2-7.2. This rule further provides that "[i]f service is by mail, then the (5) day notice period shall not begin to run until the date the subpoena or subpoena duces tecum is received by the person or entity subject thereto[.]" *Id.* This rule does not provide for service by facsimile, and for purposes of service by mail, the subpoena was not received more than five days before the return date. Accordingly, the subpoena was not timely served.

For the foregoing reasons, we affirm.

Affirmed.

1

**ISSUED:**  January 14, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II